UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES PEDERSON, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:24-cv-01299-CDB<br><br>ORDER DIRECTING PLAINTIFF TO FILE MOTION TO PROCEED UNDER PSEUDONYM<br><br>ORDER DIRECTING STATUS REPORT RE PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON JANE DOE<br><br>(Doc. 8)<br><br>ORDER GRANTING STIPULATED REQUEST TO EXTEND TIME FOR DEFENDANT PEDERSON TO RESPOND<br><br>(Doc. 11)<br><br>ORDER RESETTING SCHEDULING CONFERENCE<br><br>(Doc. 5)<br><br>**14-DAY DEADLINE** |

**I.**　**Background**

On October 24, 2024, Plaintiff Safeco Insurance Company of America initiated this action with the filing of a complaint against Defendants James Pederson, Flyers Energy, LLC, and "Jane Doe." (Doc. 1). The complaint asserts eight causes of action and seeks declaratory judgment that

1

Plaintiff owes no duty to defend or indemnify Defendant Pederson regarding a state court lawsuit filed in Kern County, *Jane Doe v. Flyers Energy, LLC, et al.*, Case No. BCV-24-101783. *Id.* at 2. The complaint identifies one Jane Doe, a citizen of California, as a defendant. *Id.* at 2, ¶ 5.

## II.     Discussion

### a.     Request to Proceed under Pseudonym

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id.* (citations and internal quotations marks omitted).

As the complaint alleges that Defendant Jane Doe is not a fictitious defendant or an unknown party but, rather, an individual who seems to be utilizing the pseudonym to preserve anonymity, the Court will direct Plaintiff to file a request to proceed using a pseudonym.

### b.     Improper Reliance on California Code of Civil Procedure

In its complaint, Plaintiff cites to California Code of Civil Procedure § 367.3 for the proposition that Plaintiff "will file under seal a document disclosing Jane Doe's identity." (Doc. 1 at 1, n.1.) The California Code of Civil Procedure does not govern in this civil action in federal court, bringing claims under the federal Declaratory Judgment Act. (Doc. 1 at 3); *see* 28 U.S.C. § 2201; *see Doe v. Univ. Acct. Serv., LLC*, No. 09-CV-01563-BAS-JLB, 2022 WL 623913, at *2

(S.D. Cal. Mar. 3, 2022) (holding Ninth Circuit rules, not California law, govern the use of fictitious names where action involves only questions of federal law).

Local Rules 141 and 141.1 govern requests to seal and protective orders in this case. Counsel for Plaintiff is admonished to gain familiarity with this Court's local rules of practice and to adhere to the procedural rules relevant to this action.

### c. Service of Executed Summons on Jane Doe

Upon preliminary review of the proof of service of executed summons on Defendant Jane Doe (Doc. 8), it appears that the filed document is, in fact, not a proof of service of said summons.  As such, it appears that service of process has not been completed under Federal Rule of Civil Procedure 4 as to Defendant Jane Doe.

The Court will direct Plaintiff to file either proofs of service of the summons and complaint or a status report, under seal if necessary, explaining the particulars of any service attempts and the current status of service upon Defendant Jane Doe.

### d. Stipulation to Extend Time for Defendant Pederson to Respond

On January 2, 2025, Plaintiff and Defendant Pederson filed a jointly executed stipulated request to extend the deadline for Defendant Pederson to respond the complaint to January 21, 2025.  (Doc. 11).  The parties represent that Defendant Pederson requires additional time to obtain counsel.  *Id.* at 2.  For good cause appearing, the parties' stipulated request is granted.

### e. Scheduling Conference

Due to the foregoing issues regarding status and service of Defendant Jane Doe and to permit time for the anticipated appearance of any unserved defendants, for the settling of pleadings, and for the parties to comply with the requirements set forth in the Order Setting Mandatory Scheduling Conference (Doc. 5), the initial scheduling conference currently set for January 22, 2025 (*id.*) is reset to March 10, 2025, at 10:00 a.m.  The parties shall appear at the conference remotely via Zoom video conference, and the Zoom ID and password will be provided to counsel by the Courtroom Deputy prior to the conference.

///

///

### III. Conclusion and Order

Accordingly, for the foregoing reasons, it is HEREBY ORDERED as follows:

1. The parties' stipulated request to extend Defendant Pederson's time to respond to the complaint (Doc. 11) is GRANTED.  Defendant Pederson shall file his response no later than **January 21, 2025**.

2. The initial scheduling conference currently set for January 22, 2025 is RESET to March 10, 2025, at 10:00 a.m.  The parties shall appear at the conference remotely via Zoom video conference, and the Zoom ID and password will be provided to counsel by the Courtroom Deputy prior to the conference.  The parties are reminded to adhere to the requirements set forth in the Order Setting Mandatory Scheduling Conference (Doc. 5).

3. **Within 14 days** of issuance of this order, Plaintiff shall (1) file a request to proceed in this action under pseudonym as to Defendant Jane Doe and (2) file either proofs of service of the summons and complaint or a status report, under seal if necessary, explaining in detail the particulars of any service attempts upon, and the current status of, service of executed summons and all other relevant documents upon Defendant Jane Doe.  *See* Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

Dated:   **January 6, 2025**

UNITED STATES MAGISTRATE JUDGE