UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JAMES PEDERSON, *et al.*,<br><br>　　　　　　Defendants. | Case No.  1:24-cv-01299-CDB<br><br>ORDER GRANTING REQUEST TO PROCEED UNDER PSEUDONYM AS TO DEFENDANT JANE DOE<br><br>ORDER GRANTING REQUEST TO FILE DOCUMENT UNDER SEAL<br><br>(Doc. 15)<br><br><u>5-Day Deadline</u> |

On October 24, 2024, Plaintiff Safeco Insurance Company of America initiated this action with the filing of a complaint against Defendants James Pederson, Flyers Energy, LLC, and "Jane Doe."  (Doc. 1).  The complaint identifies Jane Doe as a citizen of California.  *Id*. at 2, ¶ 5.  On January 6, 2025, the Court ordered Plaintiff to file a motion to proceed under pseudonym.  (Doc. 12).  Pending before the Court is Plaintiff's request to proceed under pseudonym, filed on January 8, 2025, with an accompanying request to file documents under seal.  (Doc. 15).

**<u>Discussion – Proceeding Under Pseudonym</u>**

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile*

1

1  *Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in
2  the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person
3  from harassment, injury, ridicule or personal embarrassment.'" *Id*. at 1067-68 (quoting *United*
4  *States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need
5  for anonymity against the general presumption that parties' identities are public information and
6  the risk of unfairness to the opposing party." *Id*. at 1068.

7        The Ninth Circuit has identified three situations in which parties have been allowed to
8  proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or
9  mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and
10 highly personal nature; and (3) when the anonymous party is compelled to admit [his or her]
11 intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id*. (citations and
12 internal quotations marks omitted).

13       On January 8, 2025, Plaintiff filed a request to proceed under pseudonym as to Defendant
14 Jane Doe. (Doc. 15). Plaintiff states:

15
16 > This [r]equest is made on the grounds that Jane Doe is entitled to protection of her identity where she alleges in the underlying lawsuit (which she is pursing under a pseudonym) that she is a victim of sexual assault, and therefore, the circumstances justify secrecy where anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature.
17

18 *Id.* at 2.

19       Plaintiff requests (1) that the Court enter an order permitting Plaintiff and all other parties
20 in this action to use the pseudonym of "Jane Doe" for Defendant Jane Doe in all public filings in
21 this action; and (2) that the Court enter an order permitting Plaintiff to file under seal a document
22 which identifies Jane Doe's true name. *Id.* at 1-2.

23       The Court has received Plaintiff's request to seal with accompanying Exhibit A, pursuant
24 to Local Rule 141. The Court finds good cause to grant Plaintiff's requests at this time. *See Doe*
25 *#3 v. California*, No. 1:23-CV-00868-JLT-BAM, 2023 WL 3996476, at *2 (E.D. Cal. June 14,
26 2023) (granting *ex parte* motion to proceed by pseudonym where action involved allegations of
27 sexual assault and rape by correctional officer, subject to reconsideration when defendants appear
28

in action). As Defendant James Pederson and Jane Doe have not yet made appearances, the Court's order will permit Defendants to seek reconsideration of this ruling following their appearance in the action. *See id.*; *see also, e.g., J.I. v. United States*, No. 118CV00363LJOSAB, 2018 WL 1474355, at *3 (E.D. Cal. Mar. 26, 2018) ("[T]he Court finds that, at this stage of the litigation, Plaintiff is entitled to proceed in partial anonymity. However, the Court will reconsider the matter should the defendants choose to object once they have appeared in this action and articulate why anonymity is not appropriate under the standards set forth above.").

**Discussion – Sealing Filings**

Plaintiff's instant filing also requests the Court seal a document, emailed to the undersigned's chambers on January 8, 2025, and an accompanying request to seal, in compliance with Local Rule 144. The document to be sealed is described as the unredacted full name of Jane Doe. *See* (Doc. 15).

The Court has considered the factors set forth in *Oregonian Publ'g Co. v. U.S. Dist. Court for Dist. of Or.*, 920 F.2d 1462 (9th Cir. 1990). The Court finds that, for the reasons stated in Plaintiff's notice and request, sealing the document serves a compelling interest. The Court further finds that, in the absence of closure, the compelling interests identified by Plaintiff would be harmed. Given that the filing of a redacted version of the document would not yield to the public any substantive information, the Court further finds that there are no additional alternatives to sealing the documents that would adequately protect the compelling interests identified by Defendant

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's request to proceed under pseudonym (Doc. 15) is GRANTED. All parties and their counsel shall use the pseudonym "Jane Doe" in place of Defendant's legal name in all future pleadings and papers filed in this action;
2. The parties are prohibited from disclosing or publishing the true name of the Plaintiff except by order of this Court and as necessary toward the prosecution or defense of the case;

3. Pursuant to Local Rule 141 and based upon the representations contained in Plaintiff's notice and request to seal, the request and Exhibit A thereto, lodged with the undersigned in connection with Plaintiff's notice and request to seal filed on January 8, 2025 (Doc. 15), shall be SEALED until further order of this Court; and

4. Within five (5) days of the date of this Order, Plaintiff shall submit a copy of this Order, the request for sealing, and the document to be sealed (Exhibit A to the request for sealing) by email to the Operations Section of the Clerk of the Court:

   ApprovedSealed@caed.uscourts.gov

IT IS SO ORDERED.

Dated:   **January 24, 2025**

UNITED STATES MAGISTRATE JUDGE