# Exhibit 1

ELECTRONICALLY FILED
10/18/2024 4:53 PM
Kern County Superior Court
By Julia Barrera, Deputy

Michael E. Lehman, #133523
mlehman@tysonmendes.com
Deborah Reisdorph, # 164066
dreisdorph@tysonmendes.com
**TYSON & MENDES**
5250 N. Palm Ave., Ste. 231
Fresno, CA 93704
Phone: (559) 500-2294

Attorney for Defendant, JAMES GERARD PEDERSON

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF KERN**

| | |
|---|---|
| JANE DOE, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>FLYERS ENERGY, LLC, a California Limited Liability Company; JAMES GERARD PEDERSON, as an individual, and DOES 1 through 10, inclusive,<br><br>Defendants | **CASE NO.: BCV-24-101783**<br>Complaint Filed: May 29, 2024<br><br>**DEFENDANT JAMES PEDERSON'S ANSWER TO COMPLAINT**<br><br>**Trial: None** |

COMES NOW Defendant, JAMES GERARD PEDERSON ("Defendant") and for an answer to the unverified Complaint on file herein, admits, denies and alleges as follows:

**GENERAL DENIAL**

1. Inasmuch as the Complaint is not verified under the provisions of Section 431.30 of the California Code of Civil Procedure, this answering Defendant denies generally each, every and all of the allegations in said Complaint, and the whole thereof, including denial of all sums and amounts alleged, to be alleged or otherwise. Further, Defendant denies Plaintiff sustained any injury, damages or loss by reason of any acts or omissions by Defendant.

**SEPARATE AFFIRMATIVE DEFENSES**

2. This answering Defendant does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and

-1-

does not assume the burden of proof or persuasion as to any matters to which Plaintiff has the burden of proof or persuasion. Further each affirmative defense is set forth as an alternative defense and Defendant does not admit any premise upon which such affirmative defense may be made.

### FIRST AFFIRMATIVE DEFENSE

### [No Injury or Damage]

3. As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: This answering Defendant denies Plaintiff suffered any injury or damage whatsoever, and further denies it is liable to Plaintiff for any injury or damage claimed or for any injury or damage whatsoever.

### SECOND AFFIRMATIVE DEFENSE

### [No Causation]

4. As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: To the extent Plaintiff suffered damages, which Defendant denies, such injury or damage was not proximately caused by any conduct or inaction of this answering Defendant, or was not foreseeable, or both.

### THIRD AFFIRMATIVE DEFENSE

### [Alleged Injury or Damage Caused by Others]

5. As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: To the extent Plaintiff suffered injury or damage, which Defendant denies, such injury or damage was caused by the action or conduct of others, not this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

### [Fails to State Facts – General]

6. As and for a separate and affirmative defense to the Complaint and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon

alleges: The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

### [Statute of Limitations]

7. As and for a separate and affirmative defense to the Complaint and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: Each said cause of action is barred by the applicable statute of limitations, including but not limited to, California Code of Civil Procedure Sections 335.1, 337, 337.1, 337.15, 338, 339, 340 and/or 343.

### SIXTH AFFIRMATIVE DEFENSE

### [Failure to Mitigate Loss]

8. As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: If Plaintiff suffered any damage as a result of the allegations set forth in the Complaint, Plaintiff is not entitled to recover from this answering Defendant any sum of damages due to Plaintiff's failure to take reasonable efforts to mitigate the damages said Plaintiff allegedly incurred.

### SEVENTH AFFIRMATIVE DEFENSE

### [Estoppel]

9. As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: Each and every cause of action or purported cause of action contained in the Complaint is barred by the Doctrine of Estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

### [Laches]

10. As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: Each and every cause of action or purported cause of action contained in the Complaint is barred by the Doctrine of Laches.

## NINTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

11.  As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges:  Each and every cause of action or purported cause of action contained in the Complaint is barred by the Doctrine of Unclean Hands.

## TENTH AFFIRMATIVE DEFENSE

### [Collateral Estoppel]

12.  As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges:  Each and every cause of action or purported cause of action contained in the Complaint is barred by the Doctrine of Collateral Estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### [Voluntary Conduct]

13.  As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges:  Plaintiff has engaged in conduct with respect to the activities and/or property which are the subject of the Complaint, and by reason of said activities and conduct, is estopped from asserting any claims or damages or seeking any other relief against this answering Defendant.

## TWELVTH AFFIRMATIVE DEFENSE

### [Damages Uncertain]

14.  As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges:  Plaintiff's damages, if any, are speculative, uncertain and not capable of being determined by a trier of fact.

///

///

///

### THIRTEENTH AFFIRMATIVE DEFENSE

### [Intervening Superseding Causes]

15. As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: The damages of which Plaintiff complains were proximately caused or contributed to by the acts of other defendants, persons and/or other entities. Such acts were an intervening, supervening and superseding cause of the injuries and damages, if any, of which the Plaintiff complains, thus barring Plaintiff from any recovery against this answering Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

### [No Vicarious or Agency Liability]

16. As and for a separate and affirmative defense to the Complaint, Defendant alleges that at no time or place set forth in the Complaint did any other defendant or third person alleged to be at fault operate as the agent or employee of Defendant, such that Defendant can be held vicariously liable for their acts. Should any other defendant or third party be deemed to have any affiliation with this Defendant, then such other defendant or third party was independently responsible for their own means and methods. Accordingly, the doctrines of *respondeat superior* and agency are inapplicable and this answering Defendant has no vicarious liability for acts or omissions by said other defendants or third parties.

### FIFTEENTH AFFIRMATIVE DEFENSE

### [Failure to Timely Exhaust Administrative Remedies]

17. As and for a separate and affirmative defense to the Complaint and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: Plaintiff's causes of action for alleged violations of the Fair Employment Housing Act ("FEHA") (California Government Code), are barred to the extent that Plaintiff failed to timely exercise and exhaust her administrative remedies, a condition precedent to any civil claim under FEHA and/or before the Equal Employment Opportunity Commission.

///

///

## SIXTEENTH AFFIRMATIVE DEFENSE

### [Conformance with Statute, Regulations, and Industry Standards]

18. As and for a separate affirmative defense to the Complaint, and to each purported cause of action therein, this answering Defendant is informed and believes and based thereon alleges: To the extent that this answering Defendant conducted any of the activities alleged in the Complaint, those activities conformed with and were pursuant to statues, government regulations and industry standards based upon the state of knowledge existing at the time of the activities.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### [Apportionment of Fault]

19. As and for a separate and affirmative defense to the Complaint and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: Defendant denies it was negligent in any fashion with respect to the damages, losses, injuries and debts claimed by the Plaintiff in the Complaint on file herein; however, if this answering Defendant is found to be negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), then this answering Defendant provisionally alleges that Defendant's negligence is not the sole and proximate cause of the resultant damages, losses and injuries alleged by Plaintiff and that the damages awarded to Plaintiff, if any, be apportioned according to the respective fault of the parties, persons, and entities, or their agents, servants, and employees who contributed to and/or caused said resultant damages as alleged, according to the proof presented at the time of trial. That to assess any greater percentage of fault and damages against this answering Defendant in excess of this answering Defendant's percentage of fault would be a denial of California equal protection and due process and Federal equal protection and due process, all guaranteed by the respective Constitutions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### [Comparative Fault]

20. As and for a separate and affirmative defense to the Complaint and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: The injuries to the Plaintiff, if any, were sustained in that Plaintiff failed to exercise ordinary and reasonable care or caution concerning the matters alleged in the Complaint; and such negligence

on Plaintiff's part constitutes a bar to any recovery by said Plaintiff, or in the alternative, the recovery, if any, by said Plaintiff should be reduced in proportion to the extent such negligence was a cause of Plaintiff's injuries and damages, if any.

### NINETEENTH AFFIRMATIVE DEFENSE

### [Assumption of Risk]

21. As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: Plaintiff knowingly, willingly and voluntarily assumed the risk of all damages, if any, by doing business with co-defendant Goodwill and Job Options.

### TWENTIETH AFFIRMATIVE DEFENSE

### [Equitable Indemnity]

22. As and for separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: Any and all events, happenings, injuries and damages set forth in the Complaint, if any, were proximately caused and contributed to by the acts and/or omissions of Plaintiff, and such acts and/or omissions totally bar or reduce any recovery on the part of Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### [Existing Prior Injury]

23. As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: To the extent Plaintiff suffered injury or damage, which Defendant denies, such injury or damage was sustained prior to the incident alleged by the Plaintiff in the Complaint on file herein.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### [Uncertainty]

24. As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: Plaintiff's Complaint and the allegations thereof are uncertain, vague and ambiguous.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### [Limitation on Damages]

25.    As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: Plaintiff's Complaint seeks an award of improper damages, including but not limited to medical damages beyond those permitted by law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### [*Howell v. Hamilton Meats*]

26.    As and for a separate and affirmative defense to the Complaint and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: Plaintiff's recovery for past medical expenses or other economic loss or benefit, if any, is limited to the lesser of the amount paid or the reasonable value of those services or benefits.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### [Patient Protection and Affordable Care Act]

27.    As and for a separate and affirmative defense to the Complaint and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: Plaintiff is excluded from recovering any amounts which have been, or will, indemnify Plaintiff, for any past or future claimed medical expenses, health care, life care, or other economic loss or benefit that is offered, or provided under or in connection with the Patient Protection and Affordable Care Act.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### [Failure to Obtain Health Insurance]

28.    As and for a separate and affirmative defense to the Complaint and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: In the event Plaintiff has failed to obtain health insurance coverage available to Plaintiff, which he is eligible to obtain under the Patient Protection and Affordable Care Act, Plaintiff has failed to mitigate Plaintiff's damages and cannot recover for such failure.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### [Waiver]

29. As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: Each and every cause of action or purported cause of action contained in the Complaint is barred by the Doctrine of Waiver.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### [No Liability for Third Party Acts]

30. As and for a separate affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes, and based thereon alleges: This answering Defendant is not liable for the independent acts of third parties and Plaintiff's damages, if any are attributable to the acts of third parties. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### [Consent]

31. As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant is informed and believes and based thereon alleges: Each and every cause of action or purported cause of action contained in the Complaint is barred due to the consent by Plaintiff to all actions alleged therein.

## THIRTIETH AFFIRMATIVE DEFENSE

### [Mistake of Fact and Law]

32. As and for a separate and affirmative defense to the Complaint, and to each purported cause of action therein, this answering Defendant is informed and believes, and thereon alleges: the complaint is barred in whole or in part, by reason of the provisions of sections 1567, 1576, 1577, and 1578 of the California Civil Code respecting mistake of fact and/or law.

///

///

///

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**[Reserved Defenses]**

33. As and for a separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant alleges that it presently has insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**PRAYER**

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That the Complaint be dismissed, with prejudice;
2. That Plaintiff take nothing by this action;
3. For costs of suit incurred herein;
4. For attorney's fees as recoverable by statute; and
5. For such other and further relief as the Court may deem just and proper.

DATED: October 18, 2024    By: _____
                                Michael Lehman
                                Deborah Reisdorph
                                Attorney for Defendant
                                JAMES GERARD PEDERSON

<u>PROOF OF SERVICE</u>

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action or proceeding. I am employed in and am a resident of Fresno County where the mailing occurs; and my business address is 5250 N. Palm Ave., Ste. 231, Fresno, CA 93704.

On October 18, 2024, I caused to be served the following document:

**ANSWER TO COMPLAINT** on the interested parties in this action by:

\_\_\_\_  <u>BY MAIL</u>: I further declare that I am readily familiar with the firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure section 1013(a). I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

\_\_\_\_  <u>BY FACSIMILE SERVICE</u>: I transmitted the document(s) described above to the person(s) and facsimile number(s) identified below pursuant to California Rules of Court, Rule 2006. The facsimile machine I used complied with California Rules of Court, Rule 2003 and no error was reported by machine.

\_\_\_\_  <u>BY PERSONAL SERVICE</u>: I emailed the documents identified above to a courier service, Name of Service, to be delivered by personal service to the parties at the addresses listed below.

  **X**   **<u>ELECTRONIC SERVICE</u>: I transmitted the document described above to the persons and email addresses identified below pursuant to California Rules of Court.**

\_\_\_\_  <u>OVERNIGHT MAIL</u>: I further declare that I am readily familiar with the firm's business practice of collection and processing of overnight delivery for mailing, and that the correspondence shall be deposited with the overnight delivery service, Federal Express, to be delivered by overnight delivery to the parties at the address listed below.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 18, 2024, at Fresno, California.

_____
Bernice R Meisner

**SERVICE LIST**
*Jane Doe v. Flyers Energy*
Case No.: BCV-24-101783

| | |
|---|---|
| Neama Rahmani<br>Ronald Zambrano<br>Ashley Garay<br>West Coast Trial Lawyers, APLC<br>1147 South Hope Street<br>Los Angeles, CA 90015<br>T: (213) 927-3700<br>Email:<br>efilings@westcoasttriallawyers.com<br>ron@westcoasttriallawyers.com<br>ashelyg@westcoastrtiallawyers.com | *Attorney for Plaintiff* |
| Constance Norton<br>Cirrus Jahangiri<br>Littler Mendelson, P.C.<br>101 Second Street, Suite 1000<br>San Francisco, CA 94105<br>T: (415) 433-1940<br>cnorton@little.com<br>cjahangiri@littler.com | *Attorney for Defendants FLYERS ENGERGY, LLC* |

**JAMES PEDERSON'S ANSWER TO COMPLAINT**