UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES PEDERSON,<br><br>　　　　　Defendant. | Case No. 1:24-cv-01299-CDB<br><br>ORDER SETTING ASIDE DEFAULT AS TO DEFENDANT JAMES PEDERSON<br><br>(Docs. 30, 31) |

  Plaintiff Safeco Insurance Company of America ("Plaintiff") initiated this action with the filing of a complaint on October 24, 2024, against Defendants James Pederson and Flyers Energy, LLC, as well as pseudonymous Defendant Jane Doe. (Doc. 1). Upon stipulated requests, the latter two Defendants were dismissed. (Docs. 21-24). Plaintiff filed proof of service of the summons and complaint on Defendant Pederson on November 14, 2024. (Doc. 7).

  On January 6, 2025, the Court granted the parties' stipulated request to extend Pederson's deadline to respond. (Docs. 11, 12). The parties represented that Pederson needed additional time to obtain counsel. (Doc. 11). On January 22, 2025, the Court granted the parties' second stipulated request to extend. (Docs. 17, 18). The parties represented that Pederson had not been able to obtain counsel and intended to proceed pro se. (Doc. 17).

  Pederson failed to file an answer by the extended deadline of February 4, 2025. On February

1

18, 2025, Plaintiff filed a motion for judgment on the pleadings. (Doc. 25). The Court terminated the motion, noting that Plaintiff could not file a motion for judgment on the pleadings prior to the filing of an answer, and directed Plaintiff to request entry of default. (Doc. 28). Plaintiff requested default on February 27, 2025. (Doc. 30). The Clerk of the Court entered default the next day (Doc. 31) and immediately afterwards, filed on Pederson's behalf his answer, dated February 4, 2025 (Doc. 33).

Noting that it was unclear whether Pederson's answer comported with Rule 8 of the Federal Rules of Civil Procedure, the Court directed Plaintiff to file a report setting forth its intention to either request the Court to set a scheduling conference, file a motion to strike Pederson's answer, or renew its previous motion for judgment on the pleadings. (Doc. 34). On March 3, 2025, Plaintiff filed a renewed motion for judgment on the pleadings and an accompanying request for judicial notice. (Docs. 35, 36).

**Legal Standard**

A clerk's entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). Where good cause exists, a district court has the authority to set aside an entry of default sua sponte. *See A.F. Holdings LLC v. Skoda*, No. 2:12-CV-1663 JAM JFM, 2013 WL 460431, at *2 n.1 (E.D. Cal. Feb. 5, 2013) (citing *Judson Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec*, 529 F.3d 371, 385–86 (7th Cir. 2008) & *Investcorp Retirement Specialists, Inc. v. Ohno*, Civ. No. 07-1304, 2007 WL 2462122, at *2 (N.D. Cal. Aug. 28, 2007) ("The court may set aside entries of default sua sponte.")). "To determine 'good cause,' a court must 'consider three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle* (hereinafter, "*Mesle*"), 615 F.3d 1085, 1091 (9th Cir. 2010). Although the "good cause" standard is the same that applies to motions to set aside default judgment under Rule 60(b), "the test is more liberally applied in the Rule 55(c) context." *Id*. at 1091 n.1 (internal quotations and citations omitted); *see Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (finding the district court's discretion is "especially broad" when setting aside entry of default, rather than default judgment).

"[D]efault judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits." *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974); *see Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.").

**Discussion**

  1.  *Culpable Conduct*

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (emphasis in original) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), overruled on other grounds as stated in *Delgado v. Dempsey's Adult Care Homes, LLC*, No. 22-15176, 2023 WL 3034263, at *1 (9th Cir. Apr. 21, 2023)). "Intentional" conduct in this sense means "willful, deliberate, or … [in] bad faith," rather than neglectful. *TCI Grp.*, 244 F.3d at 697-98. A "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional.'" *Id*. at 697.

Here, Pederson was granted two extensions to his deadline in which to respond to the complaint. (Docs. 12, 18). Although the Clerk of the Court filed Pederson's answer several weeks after the extended deadline for his filing, the answer is dated February 4, 2025. (Doc. 33). Despite this delay, the Court cannot conclude based on the record that such Pederson's delay was willful or in bad faith. *See Falk*, 739 F.2d at 464 (declining to find five-month delay in moving to set aside default culpable in light of the defendant's difficulty in obtaining assistance from legal services).

Additionally, the Court notes that while delayed, Pederson has appeared in this action and has displayed a willingness to cooperate. (Doc. 33). Accordingly, the Court finds that this factor weighs in favor of setting aside the entry of default.

  2.  *Meritorious Defense*

In order to have an entry of default set aside, a defendant must also present specific facts that would constitute a meritorious defense. *TCI Grp.*, 244 F.3d at 700. However, the burden on defendant is not extraordinarily heavy. *Id*. Indeed, a defense is considered meritorious if "there is

some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Haw. v. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) ("*Stone*"); *see Audio Toys, Inc. v. Smart AV Pty Ltd.*, No. CV 06-6298-SBA, 2007 WL 1655793, at *3 (N.D. Cal. June 7, 2007) (movant "need only assert a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is resolved at a later stage.") (citing *TCI Grp.*, 244 F.3d at 700).

In his answer, Pederson asserts that Plaintiff is obligated to provide him insurance coverage unless specific exclusions outlined in the policy apply, as pursuant to state law.  He asserts that lack of criminal charges negates the application of the exclusions related to criminal acts.  (Doc. 33 at 2). Given the low burden a party must satisfy to demonstrate entitlement to setting aside default (*Stone*, 794 F.2d at 513), the Court finds that this factor weighs in favor of setting aside the entry of default.

   *3. Prejudice*

"To be prejudicial, the setting aside of an entry of default must result in greater harm than simply delaying the resolution of the case." *TCI Grp.*, 244 F.3d at 701 (quoting *Falk*, 739 F.2d at 463); *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996).  "Merely being forced to litigate on the merits cannot be considered prejudicial" for purposes of setting aside the default. *TCI Grp.*, 244 F.3d at 701.  Rather, the standard is "whether [a plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463; *see Thompson*, 95 F.3d at 433-34 (to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion").

Prejudice such as loss of a "quick victory" is insufficient to justify denial of relief. *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1225 (9th Cir. 2000).  "Having to try a case on the merits is not by itself sufficient prejudice" - the delay must result in tangible harm, such as loss of evidence or more difficult discovery.  *Audio Toys*, 2007 WL 1655793, at *3.  Here, the delay was a relatively short three weeks from the date of the extended deadline for Pederson to respond and the date on which the answer was received and filed.  Pederson's answer was filed on the same day default was entered and there is no indication of loss of evidence or harm otherwise.  Thus, the Court finds that this factor weighs in favor of setting aside the entry of default.

\*   \*   \*   \*   \*

On balance, given the disfavor generally accorded to resolving actions on default and given that the *Mesle* factors weigh in Pederson's favor, the Court finds that default should be set aside.

**Conclusion and Order**

For the forgoing reasons, it is HEREBY ORDERED that entry of default as to Defendant James Pederson (Doc. 31) is set aside.

IT IS SO ORDERED.

Dated:  **March 4, 2025**                   _____
                                             UNITED STATES MAGISTRATE JUDGE