1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  SAFECO INSURANCE COMPANY OF          Case No. 1:24-cv-01299 JLT CDB
    AMERICA,
12                                       ORDER ADOPTING FINDINGS AND
                    Plaintiff,           RECOMMENDATIONS, GRANTING
13                                       PLAINTIFF'S MOTION FOR JUDGMENT
             v.                          ON THE PLEADINGS, AND ENTERING
14                                       DECLARATORY JUDGMENT IN FAVOR
    JAMES PEDERSON,                      OF PLAINTIFF
15
                    Defendant.
16                                       (Doc. 42)

17

18          Safeco Insurance Company of America initiated this action with the filing of a complaint

19  on October 24, 2024. (Doc. 1.) On March 3, 2025, Plaintiff filed a motion for judgment on the

20  pleadings, seeking relief in the form of a declaration that it owes no duties to defend or indemnify

21  Defendant James Pederson in the underlying lawsuit, *Doe v. Flyers Energy, LLC, et. al.*, Case No.

22  BCV-24-101783, in the Superior Court of California, County of Kern. (Doc. 35.) Defendant did

23  not file an opposition. On July 3, 2025, the assigned magistrate judge issued Findings and

24  Recommendations to grant Plaintiff's motion. (Doc. 42.) The magistrate judge found that the

25  events at issue in the underlying lawsuit[1] did not constitute an "occurrence" as defined in the

26  ───────────────
    [1] In the underlying lawsuit, Jane Doe, who along with Defendant was employed by Flyers Energy LLC during the
    relevant period, alleges that she was sexually assaulted by Defendant after a workplace event. (*See generally* Doc. 1-
27  2.) She advances the following claims: (1) hostile work environment sexual harassment against Defendant and Flyers
    Energy; (2) failure to remedy and prevent harassment in violation of California's Fair Employment and Housing Act
28  against Flyers Energy; (3) assault and battery against Defendant; (4) violation of California Civil Code § 1708.5
    (making it unlawfully to intentionally make sexually offensive contact without consent) and § 340.16 (providing 10

operative insurance policy under both California and Washington law and, thus, Plaintiff does not have a duty to defend or indemnify Defendant in connection with the underlying lawsuit. *Id.* at 12-15.

Defendant filed timely objections to the Findings and Recommendations on July 17, 2025, (Doc. 44), which the Court has reviewed and considered. Defendant argues the magistrate judge "improperly concluded that the negligence claims are derivative of intentional acts and therefore excluded from coverage," citing to *Liberty Surplus Ins. Corp. v. Ledesma & Meyer Constr. Co.*, 5 Cal. 5th 216, 222 (2018), *as modified* (July 25, 2018). Defendant cites *Liberty Surplus* for the proposition that "negligent hiring and supervision can constitute an 'occurrence' under a liability policy, even if the underlying harm was intentional." (Doc. 44 at 2.) However, *Liberty Surplus* concerned a coverage dispute between the employer of an individual alleged to have committed sexual assault and that employer's insurer. *See* 5 Cal. 5th at 222. Here, Defendant, not Flyers Energy, is the insured party, and the underlying negligence claims are brought against Flyers Energy, not Defendant. *See id.* ("It is important to keep in mind that a cause of action for negligent hiring, retention, or supervision seeks to impose liability on the employer, not the employee … It is undisputed that [the employee's] sexual misconduct was a 'wilful act' beyond the scope of insurance coverage … However, [the employee's] intentional conduct does not preclude potential coverage for [the employer].") *Liberty Surplus* is inapposite.

Defendant further objects that the magistrate judge failed to apply "settled law that an insurer must defend if there is any potential for coverage" and that "[a]llegations of negligence alone may trigger a duty to defend." (Doc. 44 at 2.) In support, Defendant cites to cases that stand for the general principle that an insurer has a duty to provide a complete defense even in mixed actions involving covered and uncovered claims. (*Id.*); *see also Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988 (2015) ("This court has long maintained that if any claims in a third party complaint against a person or entity protected by a commercial general liability [ ]insurance policy are even potentially covered by the policy, the insurer must provide its insured with a defense to all the claims."). But, again, Defendant does not point to any claim that should

year statute of limitations for civil action for recovery of damages for the same) against Defendant and Flyers Energy; and (5) negligent hiring, training and/or supervision against Flyers Energy. (*See generally* Doc. 1-2.)

1    be covered by <u>his</u> policy, so this is not a "mixed" action as to claims against <u>him</u>.

2        Finally, Defendant states that the Findings and Recommendations "improperly resolve[]

3    disputed facts about the Defendant's conduct … Discovery is essential to fully understand

4    whether the negligence claims are independent and covered by the policy." (Doc. 44 at 2.)

5    Because Defendant is not named in the negligence claim in the underlying action, the relationship

6    between that claim and any other has no bearing on his insurer's duty to defend.

7        According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this

8    case. Having carefully reviewed the entire file, including Defendant's objections, the Court

9    concludes the Findings and are  supported by the record and proper analysis. Thus, the Court

10   **ORDERS**:

11       1.    The Findings and Recommendations issued on July 3, 2025 (Doc. 42), are

12             **ADOPTED IN FULL**.

13       2.    Plaintiff's motion for judgment on the pleadings (Doc. 35) is **GRANTED**.

14       3.    Judgment shall be entered in favor of Plaintiff and against Defendant as follows:

15             a.    The Court **DECLARES** that Safeco has no duties, and never had duties, to

16                   defend nor to indemnify Pederson against the claims at issue in the

17                   underlying lawsuit (*Doe v. Flyers Energy, LLC, et al.*, Case No. BCV-24-

18                   101783, in the Superior Court of California, County of Kern).

19       4.    The Clerk of the Court is directed to **CLOSE** this case.

20

21   IT IS SO ORDERED.

22   Dated:   **August 1, 2025**

                                                UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

3